UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————————X

ANTHONY MURRAY,

                       Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
JOHN SWOFFORD, SHIELD # 12809, PEACE OFFICER
JASON MARSHALL, SHIELD # 18837, SERGEANT
WAYNE MIMS, SHIELD # 4862, POLICE OFFICER
CONNOR LICHTE, SHIELD # 4856, SERGEANT
SANDRINA OSBORNE, SHIELD # 583, POLICE
OFFICER ZAKEE SMITH, SHIELD # 31658,
SERGEANT KENTON PHILLIPS, POLICE OFFICER
ATKINSON, POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10,

                       Defendants.

——————————————————————————X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

Case No.: 15-cv-599

Plaintiff ANTHONY MURRAY, for his amended complaint, by his attorney LAW

OFFICE OF DAVID A. ZELMAN, and upon information and belief, respectfully alleges as

follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff ANTHONY MURRAY (hereinafter

"MURRAY" or "Plaintiff") seeks damages to redress the deprivation, under color of state

law, of rights secured to his under the Fourth, Fifth, Sixth, and Fourteenth Amendments

of the United States Constitution. On or about July 16, 2013 at approximately 5:20 P.M.,

MURRAY was falsely arrested with excessive force by employees of the City of New

York. As a result of the excessive force used by Defendants, MURRAY suffered physical

and mental injuries.

## II. JURISDICTION

2.   Jurisdiction is conferred upon the Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in the court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

### III. PARTIES

3.   MURRAY at all times relevant hereto resided in Brooklyn, NY.

4.   Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.   Defendant POLICE OFFICER JOHN SWOFFORD, SHIELD # 12809 (hereinafter "SWOFFORD") was an NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  SWOFFORD is sued in his official and individual capacity.

6.   Defendant PEACE OFFICER JASON MARSHALL, SHIELD # 18837, (hereinafter "MARSHALL") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MARSHALL is sued in his official and individual capacity.

7.   Defendant SERGEANT WAYNE MIMS, SHIELD # 4862, (hereinafter "MIMS") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MIMS is sued in his official and individual capacity.

8. Defendant POLICE OFFICER CONNOR LICHTE, SHIELD # 4856, (hereinafter "LICHTE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. LICHTE is sued in his official and individual capacity.

9. Defendant SERGEANT SANDRINA OSBORNE, SHIELD # 583, (hereinafter "OSBORNE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. OSBORNE is sued in his official and individual capacity.

10. Defendant, POLICE OFFICER ZAKEE SMITH, SHIELD # 31658, (hereinafter "SMITH") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SMITH is sued in his official and individual capacity.

11. Defendant, SERGEANT KENTON PHILLIPS, (hereinafter "PHILLIPS") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. PHILLIPS is sued in his official and individual capacity.

12. Defendant, POLICE OFFICER ATKINSON, (hereinafter "ATKINSON") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. ATKINSON is sued in his official and individual capacity.

13. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents,

servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

14.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. <u>FACTS</u>

15.    On or about July 16, 2013 at approximately 5:20 P.M, MURRAY was at or near the intersection of Prospect Place and Albany Avenue in Brooklyn.

16.    Police officers employed by CITY, including but not limited to defendants SWOFFORD, MARSHALL, PHILLIPS, LICHTE and ATKINSON approached, assaulted, and arrested MURRAY with excessive force.  MURRAY's wrists were injured by reason of excessively tight handcuffs.  Upon information and belief, MIMS, OSBORNE and SMITH assisted in falsely arresting MURRAY, refused to loosen the handcuffs which caused injury and failed to intervene in the false arrest despite an opportunity to do so.

17.    MURRAY was handcuffed and transported to the 77th Precinct.

18.    MURRAY was detained at the precinct for approximately six hours prior to being transferred to Central Booking.

19.    MURRAY was detained at Central Booking for approximately one hour prior to being arraigned.

20.     MURRAY was charged with PL 155.25, Petit Larceny; PL 155.30, Grand Larceny in the

        fourth degree; PL 165.45, Criminal Possession of Stolen Property in the fourth degree;

        PL 205.30, Resisting Arrest; PL 240.20, Disorderly Conduct; and PL 165.40, Criminal

        Possession of Stolen Property in the fifth degree. MURRAY was released on his own

        recognizance.

21.     Upon information and belief, MURRAY appeared in court approximately nine times on

        these charges. The charges were dismissed on August 1, 2014.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

22.     Paragraphs 1 through 21 of the complaint are hereby realleged and incorporated by

        reference herein.

23.     That Defendants had neither valid evidence for the arrest of MURRAY nor legal cause or

        excuse to seize and detain her.

24.     That in detaining MURRAY without a fair and reliable determination of probable cause,

        Defendant CITY abused its power and authority as a policymaker of the NYPD under the

        color of State and/or local law. It is alleged that CITY, via their agents, servants and

        employees routinely charged persons with crimes they did not commit. MURRAY was

        but one of those persons.

25.     Upon information and belief, it was the policy and/or custom of Defendant CITY to

        inadequately supervise and train its officers, staff, agents and employees, thereby failing

        to adequately discourage further constitutional violations on the part of their officers,

        staff, agents and employees.

26.     As a result of the above described  policies and customs, the officers, staff, agents and

        employees of Defendant CITY believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or

sanctioned, but would be tolerated.  In addition, the City of New York had and has a

policy, custom, and/or practice of detaining persons for an excessive period of time prior

to arraignment.

27.    The above described policies and customs demonstrated a deliberate indifference on the

part of the policymakers of the CITY to the constitutional rights of arrestees and were the

cause of the violations of MURRAY's rights alleged herein.

28.    By reason of Defendants acts and omissions, Defendant CITY, acting under color of state

law and within the scope of its authority, in gross and wanton disregard of MURRAY's

rights, subjected MURRAY to an unlawful detention, in violation of the Fourth and

Fourteenth Amendments of the United States Constitution and the laws of the State of

New York.

29.    By reason of the foregoing, MURRAY suffered physical injuries, mental injuries,

deprivation of liberty and privacy, terror, humiliation, damage to reputation and other

psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

30.    Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31.    That Defendants, with malicious intent, arrested MURRAY and initiated a criminal

proceeding despite the knowledge that MURRAY had committed no crime.

32.    That all charges against MURRAY were terminated in his favor.

33.    That there was no probable cause for the arrest and criminal proceeding.

34.    That by reason of Defendants' acts and omissions, Defendants, acting under the color of

state law and within the scope of their authority, in gross and wanton disregard of

MURRAY'S rights, deprived MURRAY of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

35. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, MURRAY was maliciously prosecuted despite the fact that he had committed no violation of the law.

36. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

37. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

38. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MURRAY's rights alleged herein.

39. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

40.   That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

41.   That by reason of the foregoing, MURRAY suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

42.   Paragraphs 1 through 41 are hereby realleged and incorporated by reference herein.

43.   By fabricating evidence, defendants violated MURRAY's constitutional right to a fair trial.

44.   Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

45.   As a result of the above constitutionally impermissible conduct, MURRAY was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

46.   Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47.   That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

48.   That Defendants had no legal cause or reason to use excessive force in effectuating MURRAY's arrest.

49.   That Defendants violated MURRAY's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against her.

50.   That at the time of the arrest or while in custody, MURRAY did not pose a threat to the safety of the arresting officers.

51.   That MURRAY was not actively resisting arrest or attempting to evade arrest.

52.   That defendant CITY, through its officers, agents, and employees, unlawfully subjected MURRAY to excessive force while effectuating his arrest.

53.   That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

54.   That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of MURRAY's rights, subjected MURRAY to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

55.   That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of MURRAY's civil rights, including but not limited to the right to be free from the application of excessive force.

56.   That upon information and belief, in 2013, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

57.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

58.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

59.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MURRAY's rights alleged herein.

60.     By reason of the foregoing, MURRAY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

IX. FIFTH CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

61.     Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62.     That Defendants failed to intervene when Defendants knew or should have known that MURRAY's constitutional rights were being violated.

63.     That Defendants had a realistic opportunity to intervene on behalf of MURRAY, whose constitutional rights were being violated in their presence.

64.     That a reasonable person in the Defendants' position would know that MURRAY's constitutional rights were being violated.

65.     That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MURRAY's rights, deprived MURRAY of his liberty when they failed to intervene to

10

protect his from Defendants' violation of MURRAY's constitutional rights pursuant to Fourteenth Amendment of the United States Constitution.

66. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of constitutional rights by police officers. Thus, as a result of the above described policies and customs, MURRAY was not protected from Defendants' unconstitutional actions.

67. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

68. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of MURRAY's rights alleged herein.

70. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

71. That by reason of the foregoing, MURRAY suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, MURRAY has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. MURRAY has further experienced severe emotional and physical distress.

WHEREFORE, MURRAY respectfully requests that judgment be entered:

1.    Awarding MURRAY compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding MURRAY punitive damages in an amount to be determined by a jury;

3.    Awarding MURRAY interest from July 19, 2013 and

4.    Awarding MURRAY reasonable attorney's fees pursuant to 42 USC § 1988; and

5.    Granting such other and further relief as to the Court deems proper.

DATED:    Brooklyn, New York
          December 23, 2015

                                        _____
                                        DAVID A. ZELMAN, ESQ.
                                        (DZ 8578)
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718) 604-3072