UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ANTHONY MURRAY,

                Plaintiff,                      MEMORANDUM AND ORDER

                                                                  15-CV-599 (RPK) (PK)

      -against-

JASON MARSHALL et al.,

               Defendants.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Anthony Murray filed this case against the City of New York and several NYPD police officers seeking damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. After plaintiff accepted a Rule 68 Offer of Judgment, his lawyer filed a motion for attorneys' fees and costs under 42 U.S.C. § 1988. That motion was referred to Magistrate Judge Kuo, who prepared a report and recommendation ("R&R") recommending an award of $53,576 in attorneys' fees and $1,993.80 in costs. Neither party has filed objections to the R&R. For the reasons set forth below, I adopt Judge Kuo's R&R but increase the fee award by $2,016 to account for the time that a paralegal spent on this case. Accordingly, plaintiff's motion for attorneys' fees and costs is GRANTED in the amount of $57,585.80.

## BACKGROUND

      Plaintiff was arrested by NYPD officers in Brooklyn, New York on theft-related charges that were ultimately dismissed. After charges were dropped, plaintiff retained David Zelman, a civil rights attorney, to represent him in a Section 1983 lawsuit claiming constitutional violations by the City of New York and the NYPD officers involved in his arrest and prosecution. Three

weeks before trial, defendants served plaintiff with a Rule 68 Offer of Judgment, which plaintiff accepted. The offer provided plaintiff a judgment in the amount of $15,001, "plus reasonable attorneys' fees, expenses, and costs to the date of this offer" under 42 U.S.C. § 1988. *See* Rule 68 Offer of Judgment (Dkt. #106-3). After attempts to settle the amount defendants would pay in fees and costs failed, Mr. Zelman filed a motion for attorneys' fees and costs under 42 U.S.C. § 1988, seeking $84,692.30. *See* Mot. for Att'ys' Fees and Expenses ¶¶ 11-13 (Dkt. #104). Defendants objected to the fees and costs requested on a number of grounds, and argued for a much lower award of $17,466.50. Opp'n Br. 24 (Dkt. #107). Mr. Zelman agreed to waive some costs but sought fees for his time spent on the fee application itself, bringing his total requested compensation to $90,107.80. *See* Reply Br. ¶ 19 (Dkt. #103). The motion was referred to Magistrate Judge Kuo for an R&R. *See* Order of July 30, 2019 (Dkt. #108).

Judge Kuo issued an R&R recommending an award of $53,576 in attorneys' fees and $1,993.80 in costs. R&R 15 (Dkt. #110). Judge Kuo found that the hourly rates that Mr. Zelman sought for himself and his associates were generally higher than those that would be reasonable for attorneys of comparable skill, experience, and reputation in this district. *See id.* at 3-7. Accordingly, rather than adopt the hourly rates requested by Mr. Zelman, which were $450 for himself, between $250 and $300 for his associates, and $95 for his paralegal, Judge Kuo recommended hourly rates of $350 for Mr. Zelman, $100 for each of his associates, and $80 for the paralegal. *Ibid.* Mr. Zelman had also sought a $300 hourly rate for Alex Padilla, an attorney not affiliated with Mr. Zelman's firm whom Mr. Zelman engaged for some work on this case. *Id.* at 6. Judge Kuo found that this rate was likewise not reasonable in light of Mr. Padilla's experience. *Ibid.* She recommended an hourly rate of $200 instead. *Ibid.* Judge Kuo also recommended that the hours billed by Mr. Zelman and one of his associates be reduced by 10% to

account for block-billing and unreasonable time. *Id.* at 7-12. And she denied compensation for 2.5 hours billed by Mr. Padilla for attending the deposition of a non-party witness. *See id.* at 8 n.3. Applying the terms of the offer of judgment, Judge Kuo did not award Mr. Zelman fees for the time he and his associates spent on the fee application. *Id.* at 12-14. Finally, Judge Kuo recommended a cost award in the amount sought by Mr. Zelman. *Id.* at 14. She did not award Mr. Zelman interest on costs, finding that he waived any claim to such interest under the terms of the Rule 68 Offer. *Id.* at 14-15.

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those parts of a magistrate judge's R&R to which a party has timely objected are reviewed *de novo*. *Ibid.*; Fed. R. Civ. P. 72(b)(3). Portions to which no party has objected are reviewed only for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citing Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)). Clear error will only be found when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

The parties did not object to Judge Kuo's R&R, so the Court reviews the R&R for clear error. I find no clear error in Judge Kuo's analysis of the issues and conclusions. However, while Judge Kuo determined that the fee award should include compensation for work performed by Mr. Zelman's paralegal at a rate of $80 per hour, *see* R&R 6-7, Judge Kuo's fee award does not appear to account for the 25.2 hours billed by Mr. Zelman's paralegal, *see id.* at 12 n.5; Mot. for Att'ys'

3

Fees ¶ 11; *Id.* at Ex. C. Accordingly, I increase Judge Kuo's fee award by $2,016 to account for the time Mr. Zelman's paralegal spent on this case.

## CONCLUSION

I adopt Judge Kuo's R&R with the modification explained above. I therefore award plaintiff $55,592 in attorneys' fees and $1,993.80 in costs. Upon being served with this order, defendants shall pay Mr. Zelman such fees and costs forthwith.

SO ORDERED.

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:    Brooklyn, New York
           July 8, 2020